**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 15-1531**

ABDOULAHI NGARBA,

        Petitioner,

    v.

LORETTA E. LYNCH, Attorney General,

        Respondent.

On Petition for Review of an Order of the Board of Immigration Appeals.

Submitted: February 23, 2016     Decided: February 29, 2016

Before NIEMEYER, KEENAN, and DIAZ, Circuit Judges.

Petition dismissed in part, denied in part by unpublished per curiam opinion.

Ronald D. Richey, LAW OFFICE OF RONALD D. RICHEY, Rockville, Maryland, for Petitioner. Benjamin C. Mizer, Principal Deputy Assistant Attorney General, Paul Fiorino, Senior Litigation Counsel, Stratton C. Strand, Office of Immigration Litigation, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Respondent.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Abdoulahi Ngarba, a native and citizen of Cameroon, petitions for review of an order of the Board of Immigration Appeals denying his motion to remand, which the Board properly construed as a motion to reopen. For the reasons set forth below, we deny in part and dismiss in part the petition for review.

We dismiss for lack of jurisdiction Ngarba's challenges to the agency's 2011 denial of his applications for asylum, withholding of removal, and protection under the Convention Against Torture. Contrary to Ngarba's assertions on appeal, the Board's July 30, 2011 decision was a final order of removal. See Qingyun Li v. Holder, 666 F.3d 147, 149-50 (4th Cir. 2011); Perez-Vargas v. Gonzales, 478 F.3d 191, 194 n.4 (4th Cir. 2007); Saldarriaga v. Gonzales, 402 F.3d 461, 465 n.2 (4th Cir. 2005). Because Ngarba failed to timely petition this court for review of that decision, our review is limited to the Board's order of April 17, 2015.

Turning to that order, we have reviewed Ngarba's claims in conjunction with the administrative record and conclude that the Board did not abuse its discretion in denying the motion to reopen as untimely filed. See 8 C.F.R. § 1003.2(a), (c)(2) (2015). We also find no merit to Ngarba's due process claim. See Anim v. Mukasey, 535 F.3d 243, 256 (4th Cir. 2008) (holding that, to establish a due process claim, the alien must "establish that a

2

defect in the proceeding rendered it fundamentally unfair"). We therefore deny the petition for review in part for the reasons stated by the Board. See In re: Ngarba (B.I.A. Apr. 17, 2015).

Finally, we lack jurisdiction to review the Board's refusal to exercise its sua sponte authority to reopen and therefore dismiss this portion of the petition for review. See Mosere v. Mukasey, 552 F.3d 397, 400-01 (4th Cir. 2009). We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

PETITION DISMISSED IN PART;
AND DENIED IN PART